RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
    1/7/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH LOUIS REID (#19450-058) | DOCKET NO. 14-CV-3295, SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Petitioner Kenneth Louis Reid, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), presently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. Petitioner attacks the length of his sentence imposed in the United States District Court for the Western District of North Carolina.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Procedural History*

On August 8, 2006, Petitioner pled guilty in the Western District of North Carolina to one count of possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §841. [3:03-cr-225, W.D.N.C., Doc. #52; Doc. #47]. Prior to the guilty plea, on December 22, 2003, the Government filed an Information pursuant to 21 U.S.C. §851, contending that Petitioner had four prior felony drug convictions and was therefore subject to statutory enhancement under 21 U.S.C. §841(b)(1)(A). [Id., Doc.

#5]. Pursuant to a written plea agreement the Government agreed to drop all but one conviction. [Id.; Doc. #42; Doc. #68]. The remaining conviction was a state court conviction from February 24, 1999, for Possession with Intent to Sell and Deliver Marijuana, Case No. 99-CRS-2637, in which Petitioner was sentenced, on October 30, 2000, to seven to nine months imprisonment, suspended, and twenty-four months probation. [Id., Doc. #68]. On September 13, 2007, Petitioner was sentenced to 240 months imprisonment. [Id., Doc. #53].

On March 19, 2010, Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. [Id., Doc. #71]. On July 6, 2010, the Fourth Circuit upheld Petitioner's conviction and sentence. See United States v. Reid, 387 Fed. Appx. 352 (4th Cir. 2010).

On February 9, 2012, Petitioner filed a Motion to Vacate or Correct Sentence pursuant to Section 2255, contending that he was entitled to relief under an en banc Fourth Circuit Court of Appeals decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011). [3:12-cv-84, W.D.N.C.]  Petitioner maintained (as he does in the instant petition) that the Fourth Circuit's holding in Simmons demonstrated that his prior state felony drug conviction did not qualify him for a Section 851 sentencing enhancement.  Petitioner had filed a previous Motion to Vacate the same conviction and sentence on September 2, 2008, and the Court granted the Motion to Vacate on

March 3, 2009, for the sole purpose of allowing Petitioner to timely pursue a direct appeal of his underlying criminal case. [3:03-cr-225, W.D.N.C. Doc. #55, 56].  Thus, the 2012 motion was the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:03-cr-225. [3:12-cv-84, W.D.N.C., Doc. #2]  The district court dismissed the successive 2255 motion for lack of jurisdiction because, pursuant to 28 U.S.C. §2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner had failed to obtain an order from the United States Court of Appeals for the Fourth Circuit authorizing him to file a second or successive petition under 28 U.S.C. § 2255. [3:12-cv-84, W.D.N.C., Doc. #2]  The Court, citing <u>United States v. Powell</u>, 691 F.3d 554, 562 n.1 (4th Cir. 2012), noted that Petitioner would **not be entitled to relief under <u>Simmons</u>** even if he could proceed under Section 2255 because, even assuming that his prior felony drug conviction no longer qualified under Section 851, his sentence was within the authorized, statutory maximum sentence, even without the enhancement. [3:12-cv-84, W.D.N.C., Doc. #2]

On December 20, 2012, Petitioner sought authorization from the Fourth Circuit Court of Appeals to file a successive habeas petition under Section 2255.  The Court of Appeals denied

3

authorization.  [In Re: Kenneth L. Reid, Docket #12-404, 4th Circuit]

Petitioner has now filed the instant Section 2241 petition raising the same <u>Simmons</u> argument previously raised.  He claims that the Fourth Circuit has now given <u>Simmons</u> retroactive effect since its decision in <u>Miller v. U.S.,</u> 735 F.3d 141 (4th Cir. 2013).

*Law and Analysis*

Petitioner is attempting to collaterally attack his sentence under the Fourth Circuit case of <u>United v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011).  As in his prior habeas cases, Petitioner contends that the Fourth Circuit's holding in <u>Simmons</u> demonstrates that his prior state felony drug conviction did not qualify him for a Section 851 sentencing enhancement.  As Petitioner is aware, a collateral attack of a conviction or sentence should be raised in a motion to correct, vacate or set aside sentence under 28 U.S.C. §2255.  <u>See</u> <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000).

Title 28 U.S.C. §2241 is generally used by prisoners to attack the *manner* in which a sentence is carried out, or to challenge the prison authorities' determination of the duration of the sentence. <u>See</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000).  Petitioner is not challenging the *execution* of his sentence or calculation of his sentence.  Instead he complains of errors that allegedly occurred at sentencing, which should be raised in a §2255 motion.

4

Petitioner has already filed a 2255 motion, which was adjudicated on the merits. He has also had a successive Section 2255 motion dismissed for lack of jurisdiction, and has had a motion for authorization denied by the Fourth Circuit Court of Appeals. Section 2255(h) provides that in order to file a second or successive Section 2255 motion, a prisoner must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h). *Such a determination must be made by a three-judge panel of the court of appeals before the successive motion is filed in federal district court*. Petitioner has not obtained permission from the appropriate Court of Appeals to file a successive 2255 motion.

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001). A prisoner may use Section 2241 as the vehicle for attacking his conviction **if** it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden

of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner.  See Jeffers, 253 F.3d at 830.  A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective.

To show that the remedy under §2255 is inadequate or ineffective, Petitioner must demonstrate that: (1) his claim is based on a *retroactively applicable Supreme Court decision*; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903.  Although he claims that Simmons applies retroactively per the Fourth Circuit Court of Appeal, Petitioner does not identify any retroactively applicable decision **of the United States Supreme Court** establishing that he was convicted of a non-existent offense.

Petitioner cannot demonstrate that §2255 is inadequate or ineffective, and before proceeding with a successive petition, he must seek permission from the appropriate court of appeals.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 7th day of January, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE